UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOHNNIE WINFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13-cv-00161-TWP-WGH |
| | ) |
| KEITH WHITLOW, | ) |
| FLOYD COUNTY, | ) |
| CITY OF NEW ALBANY and municipality, | ) |
| | ) |
| Defendants. | ) |

**ENTRY AND ORDER DISMISSING ACTION**

Previously, the plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A(b). Claims were dismissed and the plaintiff was given through December 4, 2013, which to **file a statement of remaining claims** as to any claims he intends to assert in this action which were not previously dismissed as legally insufficient. See Dkts. 4 and 7. The plaintiff was advised that if he failed to identify claims which may proceed, the court would direct the entry of final judgment. The reason for this ruling is because *Federal Rules of Civil Procedure*B and Rule 8(a)(2) in particularBrequire that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . .@ The purpose of this requirement is Ato give the defendant fair notice of what the claim is and the grounds upon which it rests.@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint Amust be presented with intelligibility sufficient for a

court or opposing party to understand whether a valid claim is alleged and if so what it is.@) (quotation omitted)).

In apparent response to the court's directive the plaintiff filed the following:

1. Claim for injunctive relief. Dkt. 8.

2. Motion for Summary Judgment. Dkt. 9.

3. Statement of Federal Constitutional laws of protection and immunity. Dkt. 10.

4. Affidavit. Dkt. 11.

5. Federal Writ of Habeas Corpus. Dkt 12.

The Court has reviewed these documents and even when liberally construed, the plaintiff's submissions fail to state a legally viable claim under 42 U.S.C. § 1983. In other words, the plaintiff has failed to provide a short statement of his legal claim showing that he is entitled to relief. As such, the complaint fails to state a claim upon which relief may be granted.

Consistent with the Entry of October 11, 2013, Judgment denying this action without prejudice shall now issue.

Given the dismissal of this action, the pending motion for summary judgment [Dkt. 9] is **denied.**

Because it is possible that the plaintiff intends to file a petition for writ of habeas corpus, the **clerk is directed** to include a copy of AO form 241, Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, along with the plaintiff's copy of this Entry.

**IT IS SO ORDERED.**

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Date: 12/06/2013

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

JOHNNIE WINFORD
DOC # 232993
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514